JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-CV-04404-RGK (Ex) | Date | August 6, 2010 |
|---|---|---|---|
| Title | *KNOLLWOOD INV. CAPITAL, LLC v. DIAZ* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Plaintiff's Motion to Remand (DE 8)

    On May 20, 2010, Knollwood Investment Capital, LLC ("Plaintiff") filed a Complaint for Unlawful Detainer against Jesus Diaz ("Defendant") in Los Angeles Superior Court. Plaintiff alleges that under California Code of Civil Procedure § 1161a, it has a right to recover property it purchased, which Defendant is currently occupying unlawfully . On June 15, 2010, Defendant removed the matter to this Court. Defendant asserts that removal was proper because: (1) the claims arise under federal law; (2) there is diversity of citizenship between the parties; and (3) the amount in controversy exceeds $75,000 (specifically, that it is in excess of $95,000). Before this Court is Plaintiff's Motion to Remand the case to state court. Defendant has not filed an Opposition to the motion. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

    Pursuant to Central District of California Local Rule 7-12 governing unopposed motions, failure to file a timely opposition is deemed consent to the granting of the motion. *See* L.R. 7-12 ("[T]he failure to file . . . within the deadline, may be deemed consent to the granting . . . of the motion."). Because Defendant has yet to file an Opposition to Plaintiff's motion, the Court finds that Defendant has consented to the motion and remands this matter to state court.

    Notwithstanding Local Rule 7-12, Plaintiff's Motion to Remand would be granted because Defendant's removal to this Court was improper. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

    This action could not have been originally filed in this Court. This Court does not have subject-matter jurisdiction under 28 U.S.C. § 1331, as Plaintiff does not allege any federal claims. Plaintiff only alleges one claim arising under California state law. Additionally, this Court does not have subject-matter jurisdiction under 28 U.S.C. § 1332, because there is not complete diversity between the parties and the amount in controversy requirement is not met. Plaintiff is a limited liability corporation

incorporated and with its principal place of business in California, and Defendant is a California citizen. While Defendant alleges that damages exceed $95,000, Plaintiff's Complaint requests limited damages not to exceed $10,000.

Because Plaintiff's motion is unopposed, and because this Court does not have subject-matter jurisdiction to adjudicate this claim, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

                                                    :

Initials of Preparer   slw